E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
ROBERT I. LESTER (Cal. Bar No. 116429)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2464
    Facsimile: (213) 894-7819
    E-mail: robert.lester@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH ALLEN LAWNICZAK and KIMBERLY A. SCHROEDER,<br><br>Defendants. | No. 2:23-cv-02340<br>  [CR 17-0404-AB-4]<br><br>**COMPLAINT FOR RELIEF AGAINST TRANSFER FRAUDULENT AS TO DEBT OF THE UNITED STATES** |

Upon information and belief, the United States of America, Plaintiff, by and through undersigned counsel, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action initiated by the United States of America pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.*, involving a fraudulent transfer as to a debt owed to the United States as set forth in 28 U.S.C. §§ 3304 and 3306, and pursuant to 18 U.S.C. §§ 3613(a) and 3664(m)(1)(A)(ii).

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 3004(b)(1)(B) and 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4. Plaintiff is the United States of America.

5. Defendant Keith Allen Lawniczak ("Defendant") is an individual who was convicted in the underlying criminal case, *United States v. Keith Allen Lawniczak*, CR 17-0404-AB-4.[1] He is incarcerated at FCI Fort Dix. As set forth below, Defendant is indebted to the United States and fraudulently transferred his interest in real property to his sister in order to avoid paying the debt.

6. Defendant Kimberly A. Schroeder is an individual who resides in Lucas County, Ohio. She is a sister of Defendant. (Their sister is Kristin DiDonto, who is not a defendant in this case.)

## REAL PROPERTY

7. The real property referenced herein is commonly described as 6515 Derbyshire, Toledo, Ohio 43615 (the "Property"). It is in Lucas County, Ohio.

---

[1] All references to the docket are to Defendant's criminal case.

1

**FACTUAL BACKGROUND**

*The Criminal Proceedings*

8. On or before June 13, 2017, Defendant was informed that law enforcement had been at his house. (Dkt. 177, at 12.)

9. On July 28, 2017, Defendant was indicted on charges that he violated 18 U.S.C. § 2252A(g): Engaging in a Child Exploitation Enterprise; § 2251(a): Production of Child Pornography; § 1591(a), (b)(1): Sex Trafficking of a Child; and 18 U.S.C. § 1519: Destruction of Records in a Federal Investigation. (Dkt. 21.)

10. On August 18, 2017, Defendant made an initial appearance in the Central District of California. (Dkt. 198, at ¶ 11.)

11. On December 8, 2019, Defendant signed a plea agreement, which was filed on December 11, 2019. Defendant agreed to plead guilty to a violation of 18 U.S.C. § 1594(c): Conspiracy To Commit Sex Trafficking of a Minor. (Dkt. 177, ¶ 6.)

12. In the plea agreement, Defendant acknowledged that the Court could impose a sentence requiring him to pay: "a fine of up to $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest" (*id.*, ¶ 7); a special assessment of $100 (*id.*); "full restitution to the victim of the offense" (*id.*, ¶ 8); and an additional $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015, "if the Court concludes that defendant is a non-indigent person" (*id.*, ¶ 9.). On December 19, 2019, the Court accepted the plea of guilty. (Dkt. 180.)

13. On August 13, 2020, the Court sentenced Defendant on a charge of Conspiracy to Commit Sex Trafficking of Minor in violation of 18 U.S.C. § 1594(c), to a term of incarceration of 144 months and to pay a $100 special assessment; however, the Court deferred a determination of restitution. (Dkt. 242.)

14. On May 11, 2021, the Court sentenced Defendant to pay a total of $118,145 in restitution and a special assessment of $100 ("Restitution Order"). (Dkts. 278, 329.)

15. Defendant did not appeal the conviction or sentence.

16. As of March 21, 2023, Defendant owes restitution in the amount of $65,779.97 (plus post-judgment interest).

*The Fraudulent Transfer*

17. At the time of his sentencing on August 13, 2020, Defendant held an interest in the Property. His sisters, Kim Schroeder and Kristin DiDonto, also owned interests in the Property.

18. On August 18, 2020, Ms. Schroeder executed a General Quitclaim Deed on the Property, transferring her interest to herself. On the same day, Ms. DiDonto executed a General Quitclaim Deed on the Property in favor of Ms. Schroeder. On August 31, 2020, Ms. Schroeder's and Ms. DiDonto's deeds were recorded in the county recorder's office for Lucas County, Ohio ("County Recorder's Office").

19. On September 1, 2020, Defendant's "attorney in fact," B. Ray Snow, executed a General Quitclaim Deed to the Property in favor of Ms. Schroeder.

20. The three deeds were executed within two weeks after the Court had sentenced Defendant to a term of incarceration and announced that an order of restitution would be forthcoming. (*See* Dkt. 242.)

21. On September 17, 2020, Ms. Schroeder's and Ms. DiDonto's deeds were again recorded in the County Recorder's Office.

22. On September 17, 2020, Defendant's deed was recorded in the County Recorder's Office. Defendant did not receive any consideration for the transfer of his interest in the Property.

23. On September 28, 2020, a Certificate of Transfer for the Property was recorded in the Probate Court of Lucas County, Ohio, in connection with the case of James R. Lawniczak, who had died intestate in 1999. (James Lawniczak was the father of Keith Lawniczak, Ms. Schroeder, and Ms. DiDonto.) The Certificate of Transfer declared that the following people each took a 1/3 interest in the Property: "Kimberly A. Schroeder, Keith Lawniczak, and Kristine DiDonato."

24. On October 20, 2020, Ms. DiDonto's deed was recorded for the third time in the County Recorder's Office. The explanation given for the re-recording of this transfer was: "This deed is being rerecorded for proper sequencing."

25. That same day, Defendant's deed was again recorded in the County Recorder's Office (again without consideration). The same explanation was given for the re-recording of this transfer: "This deed is being rerecorded for proper sequencing."

26. Two days later, on October 22, 2020, Ms. Schroeder's "General Warranty Deed" was recorded for the sale of the Property to a third party. Ms. Schroeder received proceeds from the sale of the Property.

*The FDCPA*

27. The FDCPA, 28 U.S.C. §§ 3001–3308, provides several different definitions of "fraudulent transfer." First, if a debt to the United States arises before the transfer is made, the transfer is fraudulent if --

* the debtor does not receive "a reasonably equivalent value in exchange for the transfer . . .," and the debtor is "insolvent at that time or the debtor becomes insolvent as a result of the transfer . . .." 28 U.S.C. § 3304(a)(1).
* "the transfer was made to an insider for an antecedent debt, the debtor was insolvent at the time, and the insider had reasonable cause to believe that the debtor was insolvent." 28 U.S.C. § 3304(a)(2).

Transfers made "without regard to date of judgment" are fraudulent if –

* made with "actual intent to hinder, delay, or defraud a creditor." 28 U.S.C. § 3304(b)(1)(A).
* the debtor does not receive "a reasonably equivalent value in exchange for the transfer . . . and the debtor "intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." 28 U.S.C. § 3304(b)(1)(B).

28. Pursuant to 28 U.S.C. § 3306, the United States may obtain: (1) avoidance of the transfer to the extent necessary to satisfy the debt; (2) a remedy against the asset transferred or other property of the transferee; or (3) any other relief the circumstances may require.

## FIRST CLAIM FOR RELIEF

*Transfer Fraudulent as to a Debt to the United States, 28 U.S.C. § 3304(a)(1)*

(Against Defendants)

29. The United States re-alleges and incorporates herein by reference paragraphs 1-28 of this Complaint.

30. Defendant incurred a debt to the United States on December 8, 2019, when he signed the plea agreement, in which he agreed to pay a fine, a special assessment, "full restitution to the victim of the offense," and an additional $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015, "if the Court concludes that defendant is a non-indigent person." (Dkt. 177, ¶¶ 7-9.) On December 19, 2019, the Court accepted the plea of guilty. (Dkt. 180.) Additionally, on August 13, 2020, the Court sentenced Defendant to a term of incarceration to pay a special assessment; however, the Court deferred a determination of restitution. (Dkt. 242.) On May 11, 2021, the Court sentenced Defendant to pay a total of $118,145 in restitution and a special assessment of $100. (Dkts. 278, 329.)

31. Defendant's transfer of his interest in the Property to Ms. Schroeder was fraudulent as to the United States, in violation of 28 U.S.C. § 3304(a)(1), as evidenced by the fact that:

    a. Defendant did not receive reasonably equivalent value in exchange for the transfer.

    b. Defendant was insolvent at the time or became insolvent as a result of the transfer.

32. As a result of his violation of 28 U.S.C. § 3304(a)(1), Defendant's transfer of his interest in the Property to Ms. Schroeder was fraudulent as to his debt of the United States.

### SECOND CLAIM FOR RELIEF

*Transfer Fraudulent as to a Debt to the United States, 28 U.S.C. § 3304(a)(2)*

(Against Defendants)

33. The United States re-alleges and incorporates herein by reference paragraphs 1-28 of this Complaint.

34. Defendant incurred a debt to the United States on December 8, 2019, when he signed the plea agreement, in which he agreed to pay a fine, a special assessment, "full restitution to the victim of the offense," and an additional $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015, "if the Court concludes that defendant is a non-indigent person." (Dkt. 177, ¶¶ 7-9.) On December 19, 2019, the Court accepted the plea of guilty. (Dkt. 180.) Additionally, on August 13, 2020, the Court sentenced Defendant to a term of incarceration to pay a special assessment; however, the Court deferred a determination of restitution. (Dkt. 242.) On May 11, 2021, the Court sentenced Defendant to pay a total of $118,145 in restitution and a special assessment of $100. (Dkts. 278, 329.)

35. Defendant's transfer of his interest in the Property to Ms. Schroeder was fraudulent as to the United States, in violation of 28 U.S.C. § 3304(a)(2), as evidenced by the fact that:

 a. Defendant was insolvent when the transfer was made.

 b. Defendant transferred his interest in the Property to Ms. Schroeder, who is his sister. As such, she was an "insider."

36. Ms. Schroeder had reasonable cause to believe that Defendant was insolvent.

37. As a result of his violation of 28 U.S.C. § 3304(a)(2), Defendant's transfer of his interest in the Property to Ms. Schroeder was fraudulent as to his debt of the United States.

## THIRD CLAIM FOR RELIEF

*Transfer Fraudulent as to a Debt to the United States, 28 U.S.C. § 3304(b)(1)(A)*

(Against Defendants)

38. The United States re-alleges and incorporates herein by reference paragraphs 1-28 of this Complaint.

39. Defendant's transfer of his interest in the Property to Ms. Schroeder constitutes an intentional fraudulent transfer to avoid payment of the Restitution Order. Defendant made the transfer of his interest in the Property to Ms. Schroeder with actual intent to hinder, delay, or defraud the United States, in violation of 28 U.S.C. § 3304(b)(1), (A), as evidenced by the fact that:

    a. Defendant transferred his interest in the Property to Ms. Schroeder, who is his sister. As such, she was an "insider."

    b. Before the transfer was made, Defendant had been indicted for crimes for which monetary penalties are required.

    c. He did not receive reasonably equivalent value in exchange for the transfer.

    d. He transferred substantially all of his assets by transferring his interest in the Property to Ms. Schroeder, which rendered him insolvent.

40. As a result of his violation of 28 U.S.C. § 3304(b)(1)(A), Defendant's transfer of the Property to Ms. Schroeder was intentionally fraudulent as to his debt of the United States.

## FOURTH CLAIM FOR RELIEF

*Transfer Fraudulent as to a Debt to the United States, 28 U.S.C. § 3304(b)(1)(B)(ii)*

(Against Defendants)

41. The United States re-alleges and incorporates herein by reference paragraphs 1-28 of this Complaint.

42. Defendant's transfer of his interest in the Property to Ms. Schroeder constitutes a constructive fraudulent transfer to avoid payment of the Restitution Order, in violation of 28 U.S.C. §§ 3304(b)(1)(B)(ii), as evidenced by the fact that:

1. a. Defendant did not receive reasonably equivalent value in exchange for the transfer or obligation.

    b. He intended to incur or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

43. As a result of his violation of 28 U.S.C. § 3304(b)(1)(B)(ii), Defendant's transfer of the Property to Ms. Schroeder was fraudulent as to his debt of the United States.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States requests relief as follows:

1. Declaring that Defendant's transfer of his interest in the Property to Ms. Schroeder was fraudulent as to a debt of the United States.

2. Declaring that the United States is entitled to the net proceeds of the sale of the Property by Ms. Schroeder proportionate to Defendant's interest in the property prior to the fraudulent transfer, which the United States believes was 1/3, and ordering that Defendant and Ms. Schroeder be held jointly and severally liable to pay that sum to the United States.

3. Awarding costs of suit to the United States.

4. For any other and further relief as the Court deems just and proper.

DATED: March 29, 2023.   Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

    */s/ Robert I. Lester*
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA