UNITED STATES OF AMERICA
PLAINTAFF

V

KEITH LAWNICZAK AND
KIMBERLY SCHROEDER

DEFENDANTS

CIVIL ACTION NO:

CV 23-2340-AB

RESPONSE TO COMPLAINT FOR RELIEF AGAINST TRANSFER FRAUDULENT AS TO DEPT OF THE UNITED STATES

DEFENDANT KEITH LAWNICZAK, PRO se, hereby gives response to the government's claim for relief.

## PRO SE SUBMISSIONS LIBERALLY CONSTRUED

The court must liberally construe pro se pleadings. See Estelle v Gamble, 429 U.S. 97, 106, 97 S. Ct 285, 50 L. Ed. 2nd 251 (1976). A pro se document "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Haines v Kerner, 404 U.S. 519, 520, 92 S. Ct 594, 30 L. Ed 2nd 652 (1972).

The government claims that defendant Lawniczak's obligation for this debt commenced on December 8, 2019 when he signed the plea agreement. The issue here is that per the plea agreement Lawniczak MAY be required to pay a fine, special assesment, restitution, etc. Not that he WOULD be required at that time. Just as the amount of time to be imposed for incarceration was at the discretion of the judge, so too were any additional conditions. In fact the PSI ~~Reccommend~~ recommended ONLY $100 assessment fee.

(1)

The government also asserts that defendant Lawniczak was insolvent at the time he transferred his rights to the property over to Kimberly Schroeder. Defendant Lawniczak contends this was not the case. At the time of the plea agreement and until after restitution was imposed, Lawniczak was talking with his attornies about obtaining the proceeds from the sale of his home back from the government, approximately $55,000. Lawniczak was in discussions with his attorney, Thomas Nishi, regarding this up until Mr. Nishi passed in May 2020. Lawniczak again addressed this issue with Robert Bernstein, his attorney of record for his sentencing and restitution hearings. Mr. Lawniczak believed that the government failed to follow proper procedure when seizing these funds and would be required to return them or at least apply them to his fees and restitution. Since the amount of restitution was UNKNOWN at the time of the transfer, he believed that these funds could cover any potential restitution. It was not until the restitution was ordered at the hearing on April 28, 2021 that it was determined that his debt exceeded any funds he had or would have available.

The government assumes that Ms. Schroeder "had reasonable cause to believe that defendant was insolvent." The government basis this assumption on what? Defendant Lawniczak did not disclose to his family the terms of his sentencing

(2)

as it did not concern them. The main topic of discussion regarding sentencing was surrounding the amount of time the judge imposed.

The government asserts that the transfer to Ms. Schroeder was with the intent to defraud the government when in fact it was to rectify a series of clerical errors. These errors pertain to the title of the property of 6515 Derbyshire Ct Toledo, OH. About August of 1993 Ms. Schroeder entered into a sale by owner purchase agreement for the Derbyshire property. At that time her father, James Lawniczak, was the co-signer of the mortgage loan. However, when the attorney for the property owner processed the title he placed James Lawniczak as the sole name on the title.

In November 1997 an attempt was made to correct the situation. Ms. Schroeder, with the assistance of an attorney, filed what she was told was the necessary paperwork and proper signatures to have the title to the Derbyshire property rectified to show her as the sole and rightful owner of the property

It was not until Ms. Schroeder went to sell the Derbyshire property in the summer of 2020 that a problem regarding the title transfer of 1997 came to light. It was at this time that it was deemed improperly completed and another probate had to be opened on behalf of James Lawniczak who had passed in February of 1999. Discussion with

③

Tom Snyder, the attorney handling the matter, informed defendant Lawniczak and his sister, Kristine DiDonato, that they were entitled to one-third the proceeds for the sale of the Derbyshire property. Lawniczak and Ms. DiDonato independently had decided that because neither one of them, nor their father (James Lawniczak) had invested any money into the purchase, remodeling, or up keep to the property that they were not entitled to any money from the sale of that property. Both signed away their rights to the property, not in any attempt to defraud the government but to make right what should have been back in 1997.

## PRAYER FOR RELIEF

Defendant Lawniczak requests that the court accepts that the transfer of his interest in the Derbyshire property to Ms. Schroeder was not fraudulent and the government's complaint be dissmissed.

(4)

Verification and Certification

I hereby verify and certify that the foregoing is true and correct to the best of my knowledge. I further attest that an exact copy has been sent to Judge André Birotte Jr., Courtroom 7B of the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012. It was sent via the United States Postal Service prepaid first class mail. This declaration is made under the pain and penalty of perjury – 28 U.S.C § 1746.

6/19/2023
Date

Keith Lauriczoh
Signed

## Verification and Certification

I hereby verify and certify that the foregoing is true and correct to the best of my knowledge. I further attest that an exact copy has been sent to the United States Attorney's Office, Asset Forfeiture and Recovery Section, 300 North Los Angeles Street, Suite 7516 Los Angeles, CA 90012. It was sent via the United States Postal Service prepaid first class mail. This declaration is made under the pain and penalty of perjury - 28 U.S.C. § 1746.

6/19/2023
Date

Keith Laurnajel
Signed.

FROM:
76711-097
Keith Lawniczak
FCI Fort Dix
PO Box 2000
Joint BASE MDL, NJ 08640
United States

TO: Judge Andre' Birotte Jr.
Courtroom 7B
First Street Courthouse
350 West First Street
Los Angeles, CA 90002

UNITED STATES POSTAL SERVICE | PRIORITY®

Retail
US POSTAGE PAID
$0.00
Origin: 08640
06/23/23
3385550231-07

PRIORITY MAIL®
0 Lb 2.60 Oz
RDC 04

EXPECTED DELIVERY DAY: 06/26/23

C058

RECEIVED
CLERK, U.S. DISTRICT
JUN 26 2023
BY

SHIP TO:
350 W 1ST ST
LOS ANGELES CA 90012-4536

USPS TRACKING® #
9505 5157 9451 3174 4267 66

- Expected delivery date specified for domestic
- Most domestic shipments include up to
- USPS Tracking® included for domestic
- Limited international insurance.**
- When used internationally, a customs d

*Insurance does not cover certain items. For details
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.co

LEGAL FLAT RATE EN
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

Legal Flat Rate
EP14L May 2021
OD: 15 x 9.5

PS00001000060